IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLAUDIA MYERS, and DONALD MYERS, <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAM DAVIS, and ROSE MARIE DAVIS, <br><br> Defendants. | 8:19CV540 <br><br><br> ORDER |

This matter is before the Court Defendants' Motion for Examination, Extension of Expert Deadline, and Sanctions ([Filing No. 56](#)). For the reasons explained below, the motion will be granted, in part.

## BACKGROUND

Claudia Meyers, along with her husband Donald Myers (collectively, "Plaintiffs"), filed this suit alleging Ms. Meyers was injured when she fell while delivering a parcel to Defendants' property during her employment as a postal worker. The Complaint asserts a claim for "negligence/premises liability," and alleges multiple injuries including pain and suffering, mental anguish, depression, embarrassment, and lost wages. Plaintiffs seek special and general damages, including damages for loss of consortium, court costs, and attorneys' fees.

On September 29, 2022, Plaintiffs presented to the office of psychologist, Dr. Tom Haley. Dr. Haley was retained by Defendants to conduct a psychological examination of Ms. Myers. Plaintiffs went to Dr. Haley's office as scheduled, but Ms. Myers terminated the examination within thirty minutes—before it was completed. Plaintiffs' attorney did not accompany Plaintiffs to the examination. However, Mr. Myers contacted their attorney while at Dr. Haley's office.

According to Mr. Myers, Plaintiffs' counsel advised that it was up to Ms. Meyers whether she would participate, but Defendants would likely seek to compel her cooperation if she refused. (Filing No. 61.)

## DISCUSSION

Defendants seek to compel Ms. Myers to submit to an independent psychological examination by Dr. Haley. Defendants maintain that the parties, through their attorneys, agreed that Ms. Myers would present for a psychological examination by Dr. Haley. (Filing No. 56.) The parties arranged for the examination to take place on September 29, 2022. Defendants' counsel claims that upon Plaintiffs' counsel's request, Defendants' counsel provided further information, including details regarding the time and scope of the examination. Defendants' counsel also claims she advised Plaintiffs' counsel that Ms. Myers would not be permitted to have anyone present in the testing room at the time of the examination.

In opposition to the motion, Plaintiffs each submitted affidavits setting out their positions. (Filing Nos. 60 and 61.) Plaintiffs did not submit a brief in opposition to the motion as required by this Court's Local Rules. *See* NECivR 7.1 ("Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts".). Ms. Myers maintains that when she arrived at the examination, she was under the impression that it was for an orthopedic exam. Ms. Myers claims that she believed Mr. Myers was going to be permitted to accompany her in the examination room, but he was not allowed to do so. Ms. Myers asserts that she attempted to complete the examination, but her extreme anxiety and panic prevented her from doing so. Ms. Myers also maintains that she was treated poorly by Dr. Haley. Ms. Myers contends that she worried so much in the days before Dr. Haley's examination that she suffered stroke-like symptoms and went to the hospital on September 20, 2022 for treatment. She was told at the hospital that she had probably sustained a stress-related migraine headache. Ms. Myers maintains that she is afraid she will have a stroke if she is forced to submit to a psychological examination due to her extreme anxiety.

Under Federal Rule of Civil Procedure 35, a court may order a mental or physical examination of a party if that party's mental or physical condition is placed at issue. Fed. R. Civ. P. 35(a)(1). "A plaintiff . . . who asserts mental or physical injury . . . places that mental or physical

2

injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder,* 379 U.S. 104, 119, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). The pleadings alone may be sufficient to meet the requirements of "in controversy" and "good cause." *Id.* The manner and conditions of a court-ordered medical examination are within the sound discretion of the court. *Sanden v. Mayo Clinic,* 495 F.2d 221, 225 (8th Cir. 1974).

Having considered the matter, the Court finds that Defendants are entitled to have Ms. Myers submit to a psychological examination. Plaintiffs have placed Ms. Myers' mental, emotional, and psychological condition at issue in this case. The Complaint alleges Ms. Myers sustained mental anguish, depression, and embarrassment due to the incident underlying this action, and Plaintiffs seek damages for loss of consortium. The pleadings plainly establish that Ms. Myers' mental condition is in controversy. Additionally, Defendants have shown good cause for the examination. Plaintiffs' expert, Lisa Vogel, who was Ms. Myers' therapist, does not have Ms. Myers' treatment records. The treatment records were purportedly destroyed in a fire and flooding at Ms. Vogel's office. Given the lack of treatment records, Defendants will be extremely prejudiced if Ms. Myers does not submit to a psychological examination. Therefore, good cause having been shown, Ms. Myers will be ordered to participate in a psychological examination with Dr. Haley.

When the instant motion was filed, Dr. Haley was available to conduct Ms. Myers' examination on November 1, 15, or 17, 2022. Defendants' counsel shall contact Dr. Haley to determine whether these dates are still available, and then coordinate with Plaintiffs' counsel to schedule the examination. The examination must take place within thirty days of this Order. The examination shall be performed in accordance with Dr. Haley's standard practices for these types of examinations. If Plaintiffs want more detail regarding Dr. Haley's testing practices, Plaintiffs' counsel must contact Defendants' counsel for that information ahead of the scheduled examination.

Defendants also request that Plaintiffs be sanctioned because Ms. Myers terminated Dr. Haley's examination before it was completed. Defendants represent that they have been billed by Dr. Haley for the examination. Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the court to order sanctions if a party fails to obey an order to provide or permit discovery, including an

order under Rule 35. Fed. R. Civ. P. 37(b)(2)(A). However, in this case, no court order was entered requiring Ms. Myers to participate in the examination. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999) ("In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party."). Still, this Court possesses inherent power to impose sanctions in matters arising from discovery abuses. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993); *Home Instead, Inc. v. Florance*, No. 8:12CV264, 2014 WL 12914304, at *2 (D. Neb. Apr. 24, 2014).

At this point, the Court will not impose sanctions. Defendants have not submitted any information about how much they were charged for Dr. Haley's services, nor is it clear how much Dr. Haley will charge for a follow-up examination. Plaintiffs are advised, however, that if Ms. Myers fails to attend/cooperate in the next examination with Dr. Haley, Plaintiffs could be ordered to pay the entire amount of Dr. Haley's fee, to include his bill for the initial examination. Ms. Myers' failure to attend, cooperate, and complete the psychological examination could also result in other monetary sanctions or dismissal of some, or all, of Plaintiffs' claims.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion for Examination, Extension of Expert Deadline, and Sanctions (Filing No. 56) is granted, in part. Ms. Myers must submit to Dr. Haley to complete her psychological examination within thirty days of this order. The examination shall be conducted in accordance with Dr. Haley's standard practices for psychological examinations.

2. Defendants' deadline to designate experts and produce reports is fourteen (14) days after the completion of Ms. Myers' psychological examination.

3. Sanctions will not be imposed at this time. Plaintiffs are advised that Ms. Myers' failure to attend, cooperate, and complete the psychological examination as ordered may result in the imposition of sanctions, which could include monetary sanctions or dismissal of some, or all, of their claims.

Dated this 26th day of October, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge